**James CAMPBELL, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. Civ.A. 89–3016(RMU).**

United States District Court, District of Columbia.

Aug. 12, 2002.

---

James Hiram Lesar, Washington, DC, Mark Steven Zaid, Krieger & Zaid, Washington, DC, for Plaintiff.

Fred E. Haynes, U.S. Attorney's Office, Washington, DC, for Defendant.

## ORDER

URBINA, District Judge.

**GRANTING THE DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION TO ALTER OR AMEND THE COURT'S ORDER DATED JUNE 20, 2002**

## I. INTRODUCTION & BACKGROUND

This 13–year–old Freedom of Information Act ("FOIA") case comes before the court on Assistant United States Attorney Fred Haynes's ("defense counsel") motion for leave to file a Rule 54(b) motion to alter or amend the court's Memorandum Opinion and supplemental order dated June 20, 2002. In its June 20, 2002 ruling, the court denied the defendant's motion for a protective order. Mem.Op. dated June 20, 2002 ("Mem.Op.") at 12. The court also ordered defense counsel to personally pay the plaintiff's attorney's fees, costs, and expenses relative to the defendant's motion for a protective order pursuant to Federal Rule of Civil Procedure 37(a)(4)(B). *Id.* at 28–29; FED.R.CIV.P. 37(a)(4)(B). The facts of this case are fully outlined in the court's June 2002 Memorandum Opinion. Mem.Op.

Defense counsel's instant motion asserts that the court-imposed costs violate Rule 37(a)(4)(B) because the court did not give defense counsel notice or an opportunity to be heard before directing defense counsel to pay the plaintiff his costs in responding to the defendant's motion for a protective order. Def.'s Mot. to Alter or Amend at 12, 14. In that vein, defense counsel seeks leave to file his Rule 54(b) motion challenging the court's June 2002 ruling. *Id.* After considering defense counsel's submission and the relevant law, the court grants defense counsel leave to file his Rule 54(b) motion.

## II. DISCUSSION

### A. Legal Standard for Rule 37(a)(4)(B) Compensation

■ Rule 37(a)(4)(B) provides, in pertinent part:

If the motion [seeking a protective order] is denied, the court may enter any protective order authorized under 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party ∴. the reasonable expenses incurred in opposing the motion, including attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

FED.R.CIV.P 37(a)(4)(B). When the court denies a motion seeking a protective order from discovery, the district court has broad discretion to order the movant or his attorney to compensate the opposing party for its costs incurred in opposing the motion. *Nat'l*

*Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In this regard, Rule 37 serves a dual role: (1) to penalize those whose conduct warrants a particular sanction and (2) to deter those who might be tempted to engage in such conduct in the absence of such a deterrent. *Id.* at 643, 96 S.Ct. 2778. As the terms of Rule 37 make clear, before ordering compensation to the opposing party, the court must afford the party who might be sanctioned an opportunity to be heard. FED. R.CIV.P. 37(a)(4)(B); *Alexander v. FBI,* 186 F.R.D. 78, 98 (D.D.C.1998) (Lamberth, J.). The Advisory Committee Notes to the 1993 Amendments specify that the court can consider the issue of sanctions or compensation on written submissions as well as on oral hearings. *Alexander,* 186 F.R.D. at 98.

**B. The Court Grants Defense Counsel Leave to File His Rule 54(b) Motion In Order to Afford Him an Opportunity to be Heard**

■ As noted above, pursuant to Rule 37(a)(4)(B), before ordering compensation to the plaintiff in this case, the court must afford defense counsel notice and an opportunity to be heard on the matter. FED.R.CIV.P 37(a)(4)(B); *Alexander,* 186 F.R.D. at 98. Therefore, the court grants the defendant leave to file his motion to alter or amend the court's June 2002 ruling pursuant to FED. R.CIV.P. 54(b). Accordingly, the court determines that Rule 37's mandate is hereby met in that the court has now provided defense counsel with notice and an opportunity to be heard. *Alexander,* 186 F.R.D. at 98; Def.'s Mem. of P. & A. in Supp. of Mot. at 14–24, Ex. A. The court also allows the plaintiff to file an opposition brief.

**III. CONCLUSION & DIRECTIVES**

For the foregoing reasons, it is this _____ day of August 2002, hereby

**ORDERED** that defense counsel's motion for leave to file his motion to alter or amend the judgment is **GRANTED;** and it is

**FURTHER ORDERED** that the plaintiff may file an opposition brief within 15 days of this order and defense counsel may file a reply no later than 5 days therewith.

**SO ORDERED.**